**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:20CV-171-GNS**

**CURTIS EDWARD ALVEY, JR.**                                                                    **PLAINTIFF**

**v.**

**HAILEE CARIBE STEINFELD**                                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Curtis Edward Alvey, Jr., filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees (DN 4). Upon review of the application, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 4) is **GRANTED**.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. ALLEGATIONS**

Plaintiff names as Defendant Hailee Caribe Steinfeld. He identifies her as a "social media influencer" living in California. The Court takes judicial notice that Defendant is a Hollywood actress and popular music star. *See* https://en.wikipedia.org/wiki/ Hailee_Steinfeld; http://www.haileesteinfeldofficial.com/. Where the complaint asks the filer to state the basis for the Court's jurisdiction, Plaintiff indicates diversity of citizenship. Where the form asks the amount in controversy, Plaintiff states, "The amount in controversy is $5,000,000 because her actions of cyber bullying, identify theft, harassment, defamation, has caused me serious injuries effecting my earning capacity, reputation, emotional state, physical person, psychological

state . . . my education, my hobbies, business, career, and future." In the Relief section, Plaintiff states that he would like the Court to have Defendant "explain her 'intentions,' offer (myself) a career in acting/modeling/education/career." He also states that Defendant "continues to show signs of stalking & harassment," and he seeks punitive damages and an investigation.

Plaintiff states, "In this Statement of Claim, you will observe several text and photos. In the text and photo's you will be able to clearly see how the defendant is involved and the participation of her actions." He refers to photos posted by Defendant and her brother, including a photo containing a yellow corvette. He states, "I live in Bowling Green, Kentucky. Bowling Green, Kentucky is also home to the Corvette Museum and Corvette Plant." He refers to a photo which includes a black man and states, "I know of the black man, but do not know him personally. His name is Rickey Thompson. What's odd and raises another RED FLAG is that I also have a Ricky Thompson in my family. He is my uncle on my Mother's side." He adds, "Hailee Steinfeld and associates continue to show signs of deliberate attacks." Plaintiff further asserts that he is suing Defendant for "allegations such as" cyber bullying, identity theft, harassment, defamation, copy right laws, and rights to royalties.

Plaintiff states, "I apologize ahead of time for scenes and evidence in pictures #43, #44, and video file #43A, #44A, are extremely graphic and may be disturbing. This is not intended as a joke." Along with the complaint, Plaintiff filed numerous color photos and three CDs marked "Judge & Court copy" indicating that they contain photos and videos (DN 3).

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d at 608-09. On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Upon review of the complaint, the Court finds that Plaintiff makes broad, conclusory allegations of legal claims, *i.e.* claims for cyber bullying, identity theft, harassment, defamation, copy right laws, and rights to royalties, but he does not state factual allegations supporting his claims that, if accepted as true, state "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). The complaint, therefore, does not present a sufficient factual basis to state a claim against Defendant and fails to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544).

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.

1999). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard.

For the foregoing reasons, the instant action will be dismissed by separate Order.

## IV. STRIKING OF FILINGS AND SANCTION WARNING

As referenced above, along with his complaint, Plaintiff filed photos and three CDs containing photos and videos, stating, "I apologize ahead of time for scenes and evidence in pictures #43, #44, and video file #43A, #44A, are extremely graphic and may be disturbing. This is not intended as a joke." The photos include images of Plaintiff's penis.

Proceeding without the prepayment of the filing fee is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). It is well-established that the federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam). When a litigant abuses the privilege of proceeding *in forma pauperis* by engaging in contumacious conduct, federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits and filings. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991);

*Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of abusive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811.

The Court finds Plaintiff's filing of photos of images of his penis as attachments to this frivolous lawsuit amounts to abusive and harassing conduct. Accordingly,

**IT IS ORDERED** that the photos and CDs (DN 3) are **HEREBY STRICKEN** from the docket of this action. The **Clerk of Court is DIRECTED** to return the materials to Plaintiff.

Moreover, since November 5, 2019, Plaintiff has filed thirteen civil actions in this Court, nine of which have been filed in the last three months. Seven of his cases have been dismissed, including one other case which was dismissed as frivolous under *Apple v. Glenn*, 183 F.3d at 479. *See Alvey v. Univ. of Ky.*, 1:20CV-147-GNS. Therefore, the **Court WARNS Plaintiff** that, if he engages in further abusive or harassing conduct, including filing photos of his penis, or files further frivolous lawsuits, it may impose sanctions against him, including but not limited to prefiling restrictions.

Date: October 27, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4416.010